ALBANY,
Feb. 1833.

The Traders'
Ins. Com.
v.
Robert.

## THE TRADERS' INSURANCE COMPANY *vs.* ROBERT.

Where a mortgagor has obtained an insurance on the property mortgaged, and assigns his policy to his mortgagee, and a loss happens, and a suit is brought on the policy in the name of the mortgagor for the benefit of the mortgagee and a judgment obtained, and subsequently the mortgagee compels the mortgagor, by filing a bill in chancery for foreclosure, to pay and satisfy the mortgage ; notwithstanding such coercive payment, the mortgagor will not be considered as an assignee of the judgment, but the assurers will be discharged from the payment of the judgment, on paying to the mortgagee all his *taxable costs* growing out of the suit prosecuted by him against the assurers.

Taxable costs is the extent of what will be required of assurers in such case ; they will not be compelled to pay *counsel fees* expended by the mortgagee in the suits at law, nor to satisfy an equitable claim of his against the mortgagor, nor to assume the payment of a note accepted by the mortgagee in part payment of the mortgage.

February 21. In this case Robert effected two policies of insurance on buildings in the city of New-York, underwritten by the Traders' Insurance Company, and on the same day the policies, with the assent of the assurers, were assigned to Francis Bolton, who held a mortgage of the property insured, executed to him by Robert. The buildings were consumed, and an action was brought on the policies in the name of Robert, but for the benefit of Bolton, and a recovery had on the same in the superior court, the judgment in which court was affirmed in this court, *vide ante,* 404. Since the affirmance, to wit, on the 20th November, 1832, Robert gave notice to the assurers that the mortgage, as collateral security to which the policies had been assigned, had been paid by him, that the payment had been coerced by the filing of a bill of foreclosure in chancery by Bolton, that he claimed to be the assignee of the judgment by operation of law, and that he accordingly would require a payment of the same to be made to him. Upon receiving this notice, the insurance company apply to this court for an order staying all further proceedings on the judgment, which is resisted by *Robert* on the grounds set forth in his notice. *Bolton* also appears in court and admits the payment of the mortgage, but insists that the judgment ought not to be

ALBANY,
Feb. 1833.

The Traders'
Ins. Co.
v.
Robert.

stayed, unless the insurance company pay him his *taxable costs* and *counsel fees* in the suit in the court below and on the writ of error here; also $150, the difference between the rate of interest secured by the mortgage, which was *six* per cent., and the rate of interest agreed to be paid to him by Robert, to wit, *seven* per cent. for a period of three years, and also that they pay to him the amount of a certain note which he had accepted in part payment of his mortgage.

*B. F. Butler*, for the motion.

*S. A. Foot*, contra.

*By the Court*, SAVAGE, Ch. J. The only ground upon which the recovery in the superior court can be sustained is that Francis Bolton was the party in interest in this suit, and not Thomas Robert, the nominal plaintiff. Thomas Robert could not have recovered, having violated one of the conditions of the policies by insuring the same property in the Phenix Insurance Company, without giving notice to the plaintiffs in this suit. Whether he knew the effect of such insurance or not is of no moment; it avoided policies, or rather would have produced that effect, had Robert been the party in interest. But Bolton being the assignee, was the party in interest, and Robert, after the assignment, had no interest in the policies nor the monies recovered. Payment of the money due on the mortgage gives him no interest in the judgment in this cause; what effect an assignment of the judgment would have had, it is unnecessary to decide. The simple state of the case is this: Mr. Bolton lent $5500, and took two securities—a mortgage and an insurance upon his interest as mortgagee; when the money became payable, it was unpaid. He therefore had a right to foreclose the mortgage. The property insured was consumed by fire; this gave him a right to prosecute upon the policies. The mortgage and the policies were separate securities for the same sum of money. He had a right to prosecute both; this he did do; but he is entitled to but one satisfaction, and that he has received. He may claim, however, his costs in both suits. The costs of the

ALBANY,
Feb. 1833.

The Traders'
Ins. Co.
v.
Robert.

foreclosure have been paid, and he is entitled to the costs of this suit. The taxable costs both in the superior court and this court are not objected to. Counsel fees in both courts seem to be an equitable charge, but I much doubt the propriety of allowing them; they constitute no part of the legal claim of the defendant in error. He had it in his power to demand satisfaction either of Robert or the insurance company, but not from both. Had he enforced the judgment against the insurance company, he could not have demanded these counsel fees. Can he reimburse himself these expenses by compelling Robert to pay the principal debt? The insurance company, it is true, gain by the operation by being relieved from the debt itself; but the principle upon which the allowance must be made, if it is done, is this: that where a creditor has two securities for the same debt, and he prosecutes both, if he obtains satisfaction on one, he may collect from the other not only taxable costs, but all equitable claims growing out of the prosecution. I have not found any analogous case going that length. At the common law, where two actions were brought upon the same instrument, as, for instance, separate suits against the drawer and endorser of a promissory note, the plaintiff might recover against both; but he was forced to be content with the damages in one suit and the costs in both. 1 *Strange*, 515. By our statute, he can recover costs in one suit only, and disbursements in the others. 2 *R. S.* 615. In trespass against joint trespassers, the plaintiff may prosecute severally and recover against each, and may elect *de melioribus damnis*, and the other defendants will be relieved on payment of costs. 1 *Johns. R.* 290. However equitable it may seem that Mr. Bolton should be indemnified for all the expenses he has been put to, it cannot be done without establishing the principle that in all cases where a creditor prosecutes on two securities, he shall recover not only his debt and all the taxable costs in both suits, but also all expenses incurred for counsel fees; and if counsel fees, why not his own personal expenses growing out of the prosecution? The common law has established a more limited rule in the somewhat analogous case of joint trespassers; and the legislature, in the more analogous case of several suits on the same in-

strument, have adopted the still more limited rule of giving in one suit a taxed bill, and in the other mere disbursements ; not such disbursements as counsel fees, but the ordinary disbursements paid by an attorney in the progress of the suit ; that is, the items composing an attorney's bill, with the exception of his own fees. No reason is perceived why the insurance company should pay the note accepted by Bolton in part payment of his mortgage. So also the difference of interest was a claim of a personal nature against Robert ; it was not included in the mortgage, and of course not covered by the policies. I think we are not justified in compelling the insurance company to pay more than the taxable costs ; on payment of which there should be an order to stay all further proceedings on the judgment.